## STATE v. SAMUEL MOTT.

*Tranfer of State case from Inferior to Superior Court.*

The transfer of a case from an inferior or superior court to the next suc-
ceeding term of either court, in pursuance of the provisions of the act
of 1879, ch. 302, for the speedy trial of criminals, gives jurisdiction to
the court to which it is transferred—to try all such offences as are cog-
nizable in the inferior court; and the entry of a receipt of the clerk of
one court to the clerk of the other, for the papers, is merely direc-
tory. Nor is it error to transfer the trial of one of several defend-
ants, who was imprisoned by reason of his inability to give bond for
his appearance, to the next succeeding court.

INDICTMENT for larceny tried at Spring Term, 1881, of
WAYNE Superior Court, before *Graves, J.*

This defendant and two others were indicted for larceny
at March term, 1881, of the inferior court of Wayne county.
At that term the cause was continued as to all three, and
thereupon two of them gave bail for their appearance at the
next term of that court, but the defendant not being able to
do so, was committed to jail to await his trial, and there re-
mained until the next ensuing term of the superior court—
that being the next court held in the county. The same
person being clerk of both courts, all the papers in the cause
were transferred by him to the superior court, without how-
ever the entry of a formal receipt therefor, from himself as
clerk of that court, upon the docket of the inferior court,
but only of a minute in the words, "Transferred to the
superior court." At the said term of the superior court, the
defendant was put upon trial and convicted by the jury.

A motion was then made in arrest of judgment, upon the
ground that the superior court had no jurisdiction of the
cause, inasmuch as the clerk had failed to enter a receipt
for the papers upon the docket of the inferior court, as re-

quired to do by the act of 1879, ch. 302; and further, for that, said act did not contemplate the transfer of the cause as to one defendant when there were others in the same indictment, as to whom the cause remained in the inferior court.

His Honor being of opinion that the transfer as made was a sufficient compliance with the requirements of the statute, and that the entry made upon the docket of the inferior court was substantially a receipt, as the same person was clerk of both courts, overruled the motion in arrest, and · proceeded to judgment, and thereupon the defendant appealed.

*Attorney General,* for the State.
No counsel for defendant.

RUFFIN, J. In our opinion His Honor took the correct view of the case. The act of 1879, to which reference is had in the statement of the case, provides that in those counties in which inferior courts may be established, those courts and the superior courts shall alike have power to try all causes coming within the limited jurisdiction of the inferior courts, whether returned to one or the other court, and directs that whenever any case shall be left untried in either court, and the party accused shall be confined in jail, it shall be the duty of the clerk of the court in which it may be pending, to transfer it to the next court, of either kind, that may be held in the county, and that the court to which it is so transferred shall proceed to try it, as if it had there originated ; and further, it provides "that in such cases the handing over of the papers by the clerk of one court to the clerk of the other, where the cause is to be tried, and the docketing of the cause in the same, with the receipt of the latter on the docket of the former, shall be deemed a sufficient transfer of the cause from one court to the other."

The purpose of the statute, as may be clearly seen from its wording, is two-fold: First, to secure to the party accused, when by reason of his poverty, or other cause, he may be actually imprisoned, a speedy trial of the charge against him ; and secondly, to save to the county, as far as possible, the expense incident to his confinement. And it would be strange if the courts should permit its policy, thus humane and economical, to be defeated by a mere omission on the part of an officer, to note upon his docket a circumstance, which could in no way, affect the rights of the accused or the powers of the court. For, it is to be observed that the entry is required to be made upon the docket of that court from which the cause is removed, and this in order that the record may disclose what disposition was made of it. As to the court to which the removal is made, all that is needed to give it jurisdiction is, that the papers should be placed upon its files, and the cause stated upon its docket. Very clearly then, the provision of the statute, as to the entry of the receipt of the one clerk to the other, is merely directory, and its omission altogether could *not* be taken advantage of by the accused, and much less when it was substantially complied with, as in this case.

The statute is a remedial one, partially, as we have seen, for the benefit of the accused, and is therefore to be liberally interpreted ; and we can conceive of no good reason why one defendant, so circumstanced as to be within the mischief, should be deprived of its benefit merely because his co-defendants were more fortunate than himself in being able to escape confinement.

There is no error. Let this be certified to the superior court of Wayne county to the end that the cause may be proceeded with according to law.

No error.                          Affirmed.